John H. McMillan, impleaded with Frederick D. Tator.

*v.*

Bethold, Smith & Co.

1. Secondary evidence *of contents of lost note, when admissible.* In a suit to recover upon a note alleged to be lost, an agent of the payee testified that the note was in his possession, and was lost or picked from his pocket, and that it was not indorsed. This was sufficient to let in secondary evidence of the contents of the note.

2. Had the note been adapted to circulation by an indorsement, then, indeed, might absolute proof be required that the note was actually lost or destroyed.

3. *Recovery upon original consideration of a lost note.* In a suit to recover the amount of a note alleged to be lost, if there is a common count embracing the original consideration for which the note was given, the proof of the loss being sufficient, the plaintiff need not resort to the contents, but may recover upon the common count, and the loss of the note will stand in place of a surrender of the note.

Appeal from the Circuit Court of McLean county; the Hon. John M. Scott, Judge, presiding.

This was an action of assumpsit brought in the court below by Pierre B. Bethold, Julius H. Smith and Macklatt Thompson, against McMillan & Tator. The declaration contained a special count upon the following promissory note:

"$212 84–100.          St. Louis, Mo., Oct. 27th, 1860.

"Four months after date we promise to pay to the order of Bethold, Smith & Co. two hundred and twelve 84–100 dollars

for value received, negotiable and payable without defalcation or discount.

"McMILLAN & TATOR."

The common counts were also added. McMillan alone was served with process, and pleaded the general issue.

The cause was tried by the court without a jury. On the trial, *G. Frank Gouley*, a witness for plaintiffs, testified, that he knew plaintiffs; they resided at St. Louis, Mo.; defendant at Bloomington, Ill.; had seen one of the defendants; could not tell certainly whether it was McMillan or Tator; witness was salesman, traveling and collecting agent for plaintiffs. October 27th, 1860, witness, as salesman of plaintiffs, sold to defendants a bill of goods, to wit: Whiskey amounting to $212.84; said goods were shipped by witness, by order of defendants, to Bloomington, Illinois, by the St Louis, Alton & Chicago Railroad; goods were sold to one member of the firm; don't recollect whether it was McMillan or Tator; at the time the whiskey was sold, a note was given for the amount of the sale by defendants to plaintiffs, due in four months from date, in May, 1861; witness presented said note to defendants for payment, at that time the note was due; one of the defendants was present when said note was presented by said witness at defendant's place of business in Bloomington, Illinois; the same was not paid, and witness placed the same in his memorandum book and started at once for Alton, by the St. Louis, Alton & Chicago railroad; at Alton, went directly to the place of business of a man with whom plaintiffs had had business transactions, and on putting his hand in his pocket for his memorandum book, he found that the same was gone; could not tell whether the same was picked from his pocket or lost; advertised the loss of book and contents in the Alton papers; that said note was in book when lost; witness has never heard anything concerning said memorandum book or its contents, including said note, since its loss. Here witness identified and swore to a copy of the note, which was then read in evidence. On cross-examination, the witness said,

that it was not impossible that defendants might have paid said note to plaintiffs and witness not know it, but it was not at all probable, on account of the manner in which plaintiffs did business, and from the reason that witness had charge and control of all the collections of plaintiffs.

The plaintiffs then read in evidence the following affidavits of the witness:

STATE OF MISSOURI, }
COUNTY OF ST. LOUIS. }

On this 31st day of October, 1861, personally came before me, the undersigned, a Notary Public in and for the county aforesaid, G. Frank Gouley, clerk of Bethold, Smith & Co., St. Louis, Mo., who upon his oath states that on the 27th of October, 1860, McMillan & Tator, of Bloomington, Illinois, gave Bethold, Smith & Co. their note, payable to the order of Bethold, Smith & Co. payable four months after date, for the sum of $212 84-100, which note has been lost or mislaid, of which the attached is a true copy of the same and that all just credits and offsets have been allowed, to which the same is entitled, showing the amount justly due to be as before stated

G. FRANK GOULEY.

STATE OF MISSOURI, }
COUNTY OF ST. LOUIS. }

On this 8th day of November, 1861, personally came before me the undersigned, a Notary Public, in and for the county aforesaid, G. Frank Gouley, Clerk of Bethold, Smith & Co. of the city and county aforesaid, who upon his oath states, that the note referred to in his affidavit, of which the attached is a true copy, was not indorsed by Bethold, Smith & Co. and that the note was lost by him in the city of Alton, Illinois, and was advertised in a daily paper there and that due vigilance was exercised to obtain its recovery. The note was either picked from his pocket or mislaid in a memorandum book in some store in Alton.

G. FRANK GOULEY.

This was all the evidence. The issue was found for the plaintiffs. A new trial was denied, and judgment entered on the finding. To reverse that judgment the defendant, McMillan, took this appeal. He now insists there was not sufficient proof of the loss of the note to authorize the admission of secondary evidence of its contents.

Messrs. Leland & Blanchard and John M. Stillwell, for the appellant.

Before secondary evidence of the contents of the note could be introduced, a foundation must be laid therefor. How must such foundation be laid? By presenting to the court an affidavit showing the loss or destruction of the note, and that the same cannot be found upon due and diligent search. *Dormady* v. *State Bank of Illinois*, 2 Scam. 236.

In this case the affidavit of a third party was presented to the court, for the purpose of laying such foundation, but the foundation laid thereby is insufficient to warrant the introduction of secondary evidence. The allegation is that the note is "lost or mislaid," being in the alternative. This has already been decided by the court to be insufficient. *Rogers* v. *Miller et al.*, 4 Scam. 334; *Wade* v. *Wade & Brown*, 12 Ill. 89.

Mr. O. T. Reeves, for the appellees.

Appellant objects because affidavit of loss of the note was made by third party, and not by payees of note. The affidavit shows that the note was lost by the person making the affidavit. 19 Ill. 628.

If the affidavit shows the note lost or destroyed, that is sufficient foundation; but, on trial, the proof must be conclusive of the fact of loss or destruction. Appellant's counsel insist that the affidavit, laying foundation, must be as conclusive and full in its statement of facts as the proof on the trial. The case of *Rogers* v. *Miller* was decided, not upon the evidence, but upon an allegation in the declaration that the note sued upon was "lost or mislaid," and that was held insufficient.

The case of *Wade* v. *Wade*, 12 Ill. 89, sustains the appellees' case. The note being shown to be lost, the appellees were entitled to recover, under the common count, for goods sold and delivered for the original consideration of the note, which was shown by the proof to have been whiskey.

Mr. Justice Breese delivered the opinion of the Court:

There are two affidavits found in this record, made by the same person as agent of the plaintiffs of the loss of the note made by defendant to them. The first was made October 31, 1861, and alleges the note to be lost or mislaid.

The other was made November 8, 1861, and states that the note referred to- in the first affidavit was not indorsed by the payees, and that it was lost by affiant in the city of Alton, and was advertised in a daily paper there, and that due diligence was exercised to obtain its recovery. The note was either picked from his pocket or mislaid in a memorandum book in some store in Alton.

The suit was brought on the note and on the common counts, and a verdict and judgment for the plaintiffs.

It is objected that the proof of the loss is not sufficient, and secondary evidence of the contents of the note should not have been admitted.

The affidavit of November 8, states distinctly that the note was lost in Alton, and that it was not indorsed. Though this statement was qualified by the subsequent statement in the same affidavit it is sufficient, being made by the agent of the payees, to permit evidence of the contents of the note. The note was not indorsed, consequently the defendant was in no jeopardy. No claim against him could be thereafter sustained on the note. This judgment could always be pleaded in bar, as a copy of the note was filed with the declaration. Had the note been adapted to circulation by an indorsement, then, indeed, might absolute proof be required that the note was actually lost or destroyed. This is the view taken by this court in the case of *Rogers* v. *Miller et al.*, 4 Scam. 335.

The evidence of the affiant who was also sworn on the trial as a witness, goes to show that the note was lost or picked from his pocket. This, we conceive, was sufficient to let in secondary evidence of the contents of the note.

This note can never again come up in judgment against the makers.

But waiving this, the proof of loss being sufficient, the plaintiffs need not resort to the contents of the note. They could recover on the count for goods sold and delivered, which, in this case, was whiskey, and the loss of the note would stand in place of a surrender of the note. We see no error in the record, and therefore affirm the judgment.

*Judgment affirmed.*