## OSCAR N. CASE

*v.*

## A. B. LYMAN.

1. EVIDENCE—*to show that indorsee of a note was agent for real owner so as to admit defense.* Where the consideration of a promissory note given for a patent right had failed, and the note was made payable to the agent

of the company who sold the patent right, and was by him indorsed to the plaintiff, and it appeared that sometimes when the maker wrote to the company in respect to the matter, the plaintiff answered the same, and when he wrote to the plaintiff, sometimes the company answered the same: *Held*, that, in a suit upon the note, it was error to refuse to admit in evidence the letters written by the company, as they tended to show that the plaintiff and the company were the same, or that he was merely the agent or superintendent, and acting in behalf of the company.

2. SAME—*proof of loss to admit secondary evidence.* In a case where the contents of lost letters were material and relevant to the issues, the party desiring such testimony, being the party to whom they were addressed, testified that when he received them he put them in a cupboard; that he had looked for them there, and made diligent search for them everywhere he thought they would likely be placed, and was unable to find them, and that they could not be found: *Held*, that a sufficient foundation was shown for the admission of proof of their contents.

3. In a case where a proper foundation is laid for the proof of the contents of a lost letter or writing, the fact that the witness can not tell particularly the contents, is no ground for the rejection of his testimony. He may, in such case, give his best recollection of the contents.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was a suit upon a promissory note, of which the following is a copy:

"AROMA, Kankakee Co., Ill., April 24, 1868.

On or before the first day of December, 1868, I promise to pay to C. D. Roberts, or order, seventy-five dollars, or one hundred gallons of refined syrup, by the Clough refining process; syrup to be delivered at Kankakee, at railroad.

OSCAR N. CASE."

Indorsed: "Pay to A. B. LYMAN.

C. D. ROBERTS."

The defendant pleaded the general issue and four special pleas:

1. That the note was indorsed after maturity; that it was made payable to Roberts as the agent of the Clough Refining Co., who were the real owners of the same; that the payment

of the note depended upon the performance by said company of a contract made at the same time the note was; and that the company had failed to perform their part of the contract.

2.   That the payee in said note took the same as agent of the Clough Refining Co.; note given for patent right, with written contract that if said patent right did not work successfully, the note was not to be paid until said company made it work successfully; that the patent right did not work, and that the company failed to make it work, after being notified; that the interest of said note was and is in said company, and that the plaintiff was and is said company's agent, and was nominal plaintiff only.

3.   Same as the second, except that it alleges assignment to have been made after maturity.

4.   That the note was given for a patent right; payee took note as agent for the Clough Refining Co.; note assigned after maturity, and failure of consideration.

On the trial the defendant, as a witness in his own behalf, testified that he had written to the plaintiff, Lyman, concerning the Clough refining process, for which the note was given, and he answered the same; that he had lost all of those letters except those then produced; that, to the best of his recollection, he put them in his cupboard; that he had looked for them there, and made diligent search for them everywhere he thought they would likely be placed, and was unable to find them, and thought they could not be found.   The court refused to allow the witness to state the contents or substance of the lost letters, and defendant excepted.   He further testified that when he wrote to the company, sometimes Lyman would answer them, and sometimes when he wrote to Lyman the company would answer; that the note was given for a patent right, and a contract that if the witness could not work the same successfully, and the company should fail to make it work, after notice, the note should not be paid.   The written contract to that effect was produced and put in evidence.   The defendant also read in evidence certain letters

from Lyman, the plaintiff, and offered certain letters from the company in reply to letters of defendant written to Lyman, which the court refused to admit in evidence. One of those letters contained the following: "Dear Sir: Your letter of the 8th inst., to our agent, Mr. Lyman, is received," and then proposed to give further time for trial of the right and of payment, similar to what Lyman had written to the defendant.

Mr. WESTBROOK S. DECKER, for the appellant.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The note sued on was given for a patent right for refining sugar. It was payable to one Roberts, who was the agent of the "Clough Refining Company," and by him indorsed to Lyman, the plaintiff below.

The evidence shows that the patent was worthless, and the only question in the case is, who was Lyman? He would sometimes reply to letters written to the company, and the company would reply to letters written to him.

From the correspondence admitted and refused, it might reasonably be inferred that Lyman was either the company or its agent or superintendent. Unless this were true, why would letters addressed to him be replied to by the company, and its name signed to the replies?

The reading of the letters from the company to the defendant was improperly denied. The rejection of them might enable these parties to consummate a fraud in the collection of the note. They at least tended to show the true position of the plaintiff.

A sufficient foundation was laid for the admission of proof of the letters which had been lost. Diligent search had been made for them in every place where they probably would have been, and they could not be found. The questions in relation to their contents should have been answered.

The statement of the witness, that he could not tell particularly the contents, should not deprive him of the right to have his best recollection.

The judgment is reversed, and the cause remanded for another trial.                    *Judgment reversed.*