# CASES

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—MAY TERM, 1898.

### Mary Snider et al. v. Gertrude H. Stone, Executrix.

1. PAYMENTS—*Application of.*—Payment to a creditor from the proceeds of mortgaged property must be applied upon the debt secured by the mortgage, in the absence of an agreement for a different application thereof.

**Assumpsit,** on promissory notes. Trial in the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Verdict and judgment for plaintiff. Error by defendants. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

DAN F. RAUM, attorney for plaintiffs in error.

ARTHUR KEITHLEY, attorney for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was an action of assumpsit brought by defendant in error, as executrix of the last will of William E. Stone, against Mary Snider and Michael H. Snider her husband, plaintiffs in error, upon two promissory notes signed by plaintiffs in error, payable to the order of said William E. Stone, one dated September 7, 1885, for $600, and the other dated October 28, 1886, for $350, each due three years after its date, with interest at eight per cent per annum. Each

plaintiff in error filed separate pleas of the general issue and payment. There was a jury trial, and defendant in error recovered verdict and judgment against the plaintiffs in error for $1,840.21. The assignments of error question the rulings of the court below upon the evidence and instructions, but these are not argued, and are therefore waived. The sole contention of plaintiffs in error here is that the notes are paid.

Defendant in error produced and put in evidence the notes sued on, proved the amount due thereon by computation, and proved the fact and date of the death of William E. Stone, and that she was executrix under his will. This proof made a *prima facie* case for defendant in error.

Plaintiffs in error proved that when these notes were given they were secured by a first and second mortgage, respectively, upon real estate of Mrs. Snider, which she had theretofore bought of the said William E. Stone, fronting 100 hundred feet on St. James street, Peoria, which mortgages were duly recorded; that in 1891 Mrs. Snider and her husband sold and conveyed fifty feet of said 100 feet to Mrs. Rosa Kahn for $1,600; that after paying commissions on the sale and a small judgment against the vendors, the balance of $1,355 paid by Mrs. Kahn was turned over to William E. Stone, and that said sum exceeded the amount then due on the notes here sued on and secured by said St. James street property. Payment to a creditor from the proceeds of mortgaged property must be applied upon the debt secured by the mortgage, in the absence of an agreement for a different application thereof. 2 Am. & Eng. Ency. of Law, 2d Ed., 466; Hicks v. Bingham, 11 Mass. 300. This proof, therefore, *prima facie* established the defense of payment. Stone made an entirely different application of the money, and the vital questions are whether the proof shows plaintiffs in error are bound by it, and whether the application has properly reduced their debts.

Stone had had other dealings with Mrs. Snider and her husband, selling lots to one or the other of them, giving deeds and taking back notes and mortgages to secure the

purchase money, and sometimes giving bonds for deeds and taking notes for the consideration to be paid. In 1888, Stone required money for a business venture. He was then and till his death, cashier of the First National Bank of Peoria. An arrangement was made, with the knowledge of Michael H. Snider, and as a favor to Stone, and also as a means of giving more time to Mr. and Mrs. Snider, by which the Peoria Journal Company made its accommodation note payable to the bank for $5,340.87 and delivered it to Stone, and the bank discounted it for him. This note was designed to equal the amount of certain notes held by Stone against Mr. and Mrs. Snider.

Though some witnesses speak as if it was designed to equal in amount all the indebtedness of the Sniders to Stone, yet the testimony of those who speak from positive knowledge seems to be that the indebtedness evidenced by the two notes here sued on secured by the two mortgages on the St. James street property was not included in said accommodation note. The proof does not disclose what was then done with the original notes signed by Mr. and Mrs. Snider, the amount of which was embraced in the Peoria Journal Company note. There are circumstances in evidence which tend to the conclusion they went to the bank which cashed said accommodation note. The note of the Peoria Journal Company was renewed several times, and a payment of $950 was made thereon. On the day of the sale of the St. James street property by the Sniders to Mrs. Kahn the $1,355 of that consideration paid as before stated to Stone was by him turned over to the bank as a payment on the note of the Peoria Journal Company then outstanding, and that note was taken up and canceled, and for the balance due thereon after deducting said payment, Michael H. Snider gave his own note to the bank for $3,274.26. His giving his note for the balance justifies the inference that he knew how the Peoria Journal Company note had that day been reduced to the latter amount. Later conversations of his tend to the same conclusion, and he does not deny them. The evidence shows that in all dealings between Mrs. Sni-

der and Stone, and in all sales by her of real estate which Stone had deeded to Mrs. Snider, Michael H. Snider acted as his wife's agent, and that those who dealt in these matters concerning real estate standing in her name dealt only with Snider and had no dealings directly with his wife. We conclude the application Stone made of the purchase money paid by Mrs. Kahn, was with the approval of Snider, and that his wife is bound by his acts.

If, while a Peoria Journal Company accommodation note equal in amount to certain Snider indebtedness was outstanding, the original Snider notes evidencing the same indebtedness were still retained, either by Stone or by the bank or by the Peoria Journal Company, it is evident that crediting said $1,355 on the accommodation note was not sufficient to give Mr. and Mrs. Snider all the credit to which they were entitled. There would be two sets of notes outstanding to evidence one debt, and the payment should have been credited on each. If Mr. and Mrs. Snider did not get credit for that payment on some of their original notes corresponding in total amount to the amount of said accommodation note, then they have not had the credit to which the payment entitled them; and in that case the credit ought to be applied to the extinguishment of the notes on which this suit is brought. There are circumstances in evidence, however, tending to show that Michael considered they had received all the credit to which the payment entitled them. The mortgage was duly released as to the fifty feet sold Mrs. Kahn, and by the terms of the release the lien of the mortgage was expressly retained on the other fifty feet. If the payment had been intended to apply on these notes, it would have extinguished the debt evidenced by them, and all the property should have been released from the mortgage, and the notes should have been canceled and surrendered. The fact that the transaction was left as it was, authorizes the inference the payment was not to be applied upon this debt. It is proved without contradiction that at one time Snider applied to know if the bank would release the mortgage on the remaining fifty feet of the

St. James street property if he paid $1,400; that at another time thereafter he applied to have the mortgage on said property continued along, provided he raised some money for the bank by mortgaging another piece of real estate. These conversations seem to have been after the death of Stone, and if so, Snider would have been a competent witness to deny them; but he did not do so. We conclude there is sufficient evidence tending to show that the payment of the $1,355 to Stone must have been properly applied upon debts of Mr. and Mrs. Snider, so that they were called upon to rebut the inference apparently arising from the conduct of the parties, and to show, if they could, that said payment never was applied upon any of their original debts. We have been embarrassed in the consideration of this case by statements in the briefs of counsel of alleged facts concerning the dealings of these parties which we do not find supported by any evidence in the record. There has been other litigation between the parties concerning these notes and this mortgage, and counsel may have unconsciously drawn upon their recollection of what was there in proof. As this record stands, we conclude it is not shown plaintiffs in error are entitled to have the payment in question applied upon these notes.

The judgment will therefore be affirmed.