## Walter Brinckerhoff et al., Interpleaders, v. Francis Greenan, for use, etc.

1. PAYMENTS—*Application of.*—A debtor owing his creditor on different past due accounts, may direct upon which account any payment he makes shall be applied; and if he fails to direct such application, the creditor may apply the payment to such past-due account as will be most advantageous to himself. If neither party makes the application, the law will apply it as justice and the equity of the case may require.

2. SAME—*When the Court Will Make the Application.*—When the money given in payment arises from some property or fund, the court will apply it to the discharge or reduction of an indebtedness resting against such property or fund.

**Attachment and Interpleader.**—Appeal from the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

C. W. RAYMOND, attorney for appellants.

C. G. HIRSHI and J. W. KERN, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Isaac Stine, one of the appellees, having a judgment for $80 against Francis Greenan, instituted this garnishee proceeding in the name of Greenan for the use of Stine, against appellees James Harlan and Charles C. Harlan, who were partners in the grain business, under the firm name of " Harlan Bros." Greenan was a tenant of appellees, upon a farm leased to him by them, and had been such tenant for some seven years. The last lease bore date March 1, 1898, and expired March 1, 1899. The rent was $500 for the year; $250 being payable October 1, 1898, and $250 March 1, 1899. Appellants claim that Greenan owed them $253.50 on the rent of the farm prior to 1898. Greenan sold to Harlan Brothers oats and corn raised on the farm in 1898, on which appellants clearly had a lien for the rent of that year. In October, 1898, after the first installment of rent for that year became due, Greenan offered Brinckerhoff a check for $150, which the latter refused, demanding $100 more. Later, Harlan Brothers paid appellants $250 out of the proceeds of the oats crop of 1898 purchased by them from Greenan.

The contest in this case arises out of the question as to the application of this payment, appellants insisting they applied, and had the right to apply it, on the rent due for years prior to 1898, and appellees contending that as the money with which the payment was made came out of the crop of 1898, it should be applied on the rent for that year. To the garnishee proceedings, Harlan Brothers answered that they had purchased corn of Greenan raised in 1898, to the amount of $441.26; that Greenan was indebted to them in the sum of $137.37, leaving a balance due Greenan of $303.89, which sum they then held; also that appellants were making claims upon this fund for rent, and asked that the conflicting claims be adjusted.

Appellants came in and interpleaded, claiming the whole fund remaining in the hands of Harlan Brothers. A jury was waived and the cause tried by the court. But one

proposition of law was submitted, and that was held in favor of appellants.

The court made an order awarding appellants $250 out of the fund, being the balance of rent due them for the year 1898 (provided the $250 paid by Harlan Brothers was considered as applied on the rent for the same year); the court further allowed Harlan Brothers the $137.37 due them from Greenan, and the balance, being $53.89, was awarded to Stine, less the costs of the proceeding, to be paid out of such balance. From this order appellants appealed to this court.

This order of the court must have been based upon the proposition that the payment of $250 made by Harlan Brothers, should be applied on the rent of 1898, and the correctness of this holding is really the only question for our consideration.

Under the statute appellants had a lien on the crops grown upon the premises for the year 1898 for the rent of that year. (Rev. Stat., Chap. 80, No. 31.)

The first installment of that year's rent was due October 1, 1898, before the $250 was paid. It was paid out of the proceeds of the crop upon which appellants had a landlord's lien. After a careful examination of the evidence, we fail to find that there was any specific directions or agreement as to the application of this payment. It may be that Walter Brinckerhoff, who received the money, intended to apply it on the unpaid rent of 1897, but it is certainly as clear that Harlan, who paid the money, and Greenan, by whose authority it was paid, intended it to be applied on the rent of 1898. As against the Harlans, appellants had no lien upon the crops of 1898 for the rent of 1897. (Frink v. Pratt & Co., 130 Ill. 327; Prettyman v. Unland et al., 77 Ill. 206.)

It is undoubtedly the general rule that a debtor owing his creditor on different past-due accounts, may direct upon which account any payment he may make shall be applied; and that if he fails to direct such application, the creditor may apply the payment to such past-due account as will be most advantageous to himself. If neither party makes the

application, the law will apply it as justice and the equity of the case may require. (7 Wait's Actions and Defenses, 414; 5 Am. & Eng. Ency. of Law (1st Ed.), 199; Wilhelm v. Schmidt, 84 Ill. 184.)

In this case, the evidence not showing a direction by the debtor as to the application of the payment, nor clearly showing an application by the creditor, how ought the payment in justice and equity be applied?

The money to make the payment came out of the funds arising from the sale of the crop of 1898 upon which appellants had a lien. When the money given in payment arises from some property or fund, the court will apply it to discharge or reduce an indebtedness resting against such property or fund. (5 Am. & Eng. Ency. (1st Ed.), 201; Hicks v. Bingham, 11 Mass. 300; Sanders v. Knox, 57 Ala. 80; Snider v. Stone, 78 Ill. App. 17.)

We think that justice requires the payment in controversy to be applied on the rent due for 1898, and that the court committed no error in so holding.

Complaint is made that the court erred in admitting in evidence a letter of Harlan Brothers to appellants, inclosing a check for $250, which they refused to accept. Under the circumstances there was no serious error. There being no jury, and the court holding that the letter and check did not constitute a tender, no harm was done by their admission in evidence.

We are of opinion the judgment of the court was right, and it will be affirmed.