## William L. Saffer v. John Lambert.

1. WRITTEN INSTRUMENT—*when parol evidence does not tend to vary.* An agreement made collateral to a note, providing out of what funds the same shall be paid, is not inconsistent with the terms of such note and may be shown by parol.

2. APPLICATION OF PAYMENTS—*effect of agreement as to.* If there is a parol agreement between the creditor and the debtor, collateral to a note, as to how payments shall be applied, such agreement may be shown in evidence, and is equivalent to a direction by the debtor as to the application of payments.

3. APPLICATION OF PAYMENTS—*general principles as to.* The debtor, in the first instance, has the right to designate upon what indebtedness a payment made by him shall be applied and the creditor is bound so to apply the same; where, however, neither debtor nor creditor expressly direct upon which of two existing claims the payment shall be applied, the law will apply it as the equity and justice of the case may require: thus, if one debt is secured and the other unsecured, the law will apply the payment upon the secured debt.

4. PROPOSITIONS OF LAW—*when refusal of, is proper.* Where propositions of law, correct in principle, are refused, such refusal is not prejudicial if the court correctly decides the case upon another theory which rendered such propositions immaterial and inapplicable.

Saffer v. Lambert.

Distress for rent. Appeal from the County Court of Morgan County; the Hon. CHARLES A. BARNES, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed October 12, 1903.

WILSON & WARREN and WILLIAM A. CRAWLEY, for appellant.

H. G. WHITLOCK and J. MARSHALL MILLER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a distress for rent proceeding by appellee against appellant, instituted February 1, 1903, to recover $450 rent due and to become due under the terms of a written lease. A jury being waived, there was a trial by the court, resulting in a finding and judgment against appellant for $450, from which judgment he appealed.

It is urged for reversal of the judgment, that the finding is against the evidence and that the court improperly refused propositions of law submitted by appellant. Appellee held appellant's unsecured note for $165, dated March 1, 1902, payable on or before January 1, 1903, and the main contention arises over the application of a payment of $175, by appellant, which he claims should have been credited on account of rent, and which appellee claims was properly credited by him upon the note. The court below found for appellee on this contention and that no part of the rent had been paid. The facts in the case are substantially as follows: Appellant with the knowledge and consent of appellee, in December, 1902, or January, 1903, sold to Fitzsimmons-Kreider Milling Company, 927.10 bushels of corn grown on the leased premises, for $324.50, of which amount, $84 was then paid to appellant, leaving a balance due him of $240.50. On January 20, appellant called on the milling company for a settlement, and left with it $175, with directions to Goebel, the secretary and treasurer of the company, to pay the same to appellee to apply on rent, and Goebel gave appellant a written memorandum to that effect. The appellee had, prior to that time, told Kreider, president of the milling company, to retain $175 out of the proceeds of corn sold by appellant, to apply on a note he held against him. Neither

Kreider nor Goebel knew that the other had received any directions with reference to the application of the $175. Appellee subsequently received from Goebel a check for the money, but Goebel neglected to tell him that it was to be applied on the note, as directed by appellant.

Appellee testifies that at the time the note for $175 was executed by appellant, the latter said he would pay it out of the first grain sold off the place. This evidence was competent and did not tend to contradict or vary the terms of the note as claimed by appellant. It was, if made, an agreement collateral to the note, entirely consistent with its terms and proper to be shown by parol. Ebert v. Arends, 190 Ill. 221; Hahn v. Geiger, 96 Ill. App. 104. Appellant attempts to deny that any such agreement was made by him at the time the note was executed, but does it in such evasive and equivocal language, we have no doubt that such was the agreement. If there is an agreement between the creditor and debtor as to how payments should be applied, it is equivalent to a direction by the debtor as to application. Hansen v. Rounsavell, 74 Ill. 238; Hahn v. Geiger, *supra.*

The debtor, in the first instance, has the right to designate upon what indebtedness a payment made by him shall be applied, and the creditor is bound so to apply it. Hayley v. Wynkoop, 5 Gilm. 449; Koch v. Roth, 150 Ill. 212. Where neither the debtor nor creditor expressly direct upon which two existing claims the payment shall be applied, the law will apply it as the justice and equity of the case require. Compound Lumber Company v. Murphy, 169 Ill. 343; Mouson v. Myer, 190 Ill. 105.

Where payment is made by a debtor to a creditor having two existing claims and no directions are given as to the particular debt upon which it shall be applied, if such payment arises out of the proceeds of property upon which the creditor has a lien, the law will apply it upon the debt secured by such lien, as most nearly conforming to the justice and equity of the case. Snider v. Stone, 78 Ill. App. 17; Brinckerhoff v. Greenan, 85 Ill. App. 253. Propositions

of law embodying the rule last stated were submitted by appellant and refused by the court. Whether they were refused because they were not applicable to the facts as found by the court (Gray v. Collender, 181 Ill. 173), or because the court construed the law to be otherwise than as therein stated, we are not advised. We are warranted, however, under the evidence, in assuming that they were refused because the court found that appellant had by his agreement, heretofore mentioned, directed the application of the payment as it was applied by appellee upon the note, and in that event the proposition submitted by appellant would not be the law of the case.

There was no error in the finding and judgment of the court, and it will be affirmed.

*Affirmed.*