## C. S. Warnock, Appellee, v. William J. Fleming, Appellant.

### Gen. No. 22,296.

1. EVIDENCE, § 134*—*when proof of loss of instrument in suit sufficient to admit secondary evidence.* In an action on a bank check, evidence of the loss of the check examined and *held* sufficient to render secondary evidence competent.

. 2. BILLS AND NOTES, § 472*—*what measure of recovery in action on check payable in foreign or depreciated currency.* When an action is brought on a check payable in a foreign or depreciated currency, the measure of damages is the value of such foreign or depreciated currency at the time the check should have been paid, with interest to the time of judgment.

3. APPEAL AND ERROR, § 1471*—*when admission of parol evidence harmless.* Where the judgment would be proper without parol evidence as to the transaction, the admission of such evidence to explain the instrument on which the action is brought is harmless.

4. EVIDENCE, § 327*—*when parol evidence admissible to show character of transaction.* In an action on a check, where the check does not purport to express the entire contract or agreement between the parties, parol evidence is admissible to show the character of the transaction and intention of the parties.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 26, 1916. Rehearing denied July 7, 1916. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

PATTISON & SHAW, for appellant; DOUGLAS C. GREGG, of counsel.

ELA, GROVER & MARCH, for appellee; MORTIMER C. GROVER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit on a bank check drawn by defendant to the order of and delivered to plaintiff. Upon trial plaintiff offered proof of the loss of the original check, with secondary evidence thereof. He had judgment for $6,658.75. Defendant, appealing, says that there was not sufficient proof upon the trial that the original check had been lost.

The check was drawn in Tampico, Mexico, and plaintiff proved that the check was given to the judge in the Court of First Instance in Tampico, Mexico; that he had never indorsed the check or transferred it to anybody by assignment or otherwise; that the check was forwarded to the governor at Victoria to have the defendant's signature recognized; that plaintiff had not seen the check since that time; that the last time he had seen it was in the Court of First Instance; that he had made a diligent effort to find it, had searched for it both at Tampico in the court records and at Victoria, and had spoken to the judge concerning it, and that he had had other parties search for it, but had been unable to find it. The defendant, testifying, identified the copy received in evidence as being a true and correct copy of the check. We think these circumstances met the requirement of proof of loss and made competent secondary evidence. *Case v. Lyman,* 66 Ill. 229; *McMillan v. Bethold, Smith & Co.,* 35 Ill. 250.

The check was drawn on a firm of bankers in Tampico and called for the payment of 10,500 pesos, which is Mexican money. The judgment in our court was for an amount in money of the United States equivalent

to the value of 10,500 pesos at the time the check was presented for payment. It was admitted that at the time the check was presented the value of a Mexican peso was 50 cents in United States money, while at the time of the trial its value was only 19 cents of our money, it having in the meantime depreciated for reasons which are known to all. This difference really represents the substance of the dispute between the parties, for defendant contends that judgment should be entered in United States money only in an amount based upon the value of the Mexican peso at the date of the trial. With this contention we cannot agree. In Daniel on Negotiable Instruments, vol. 2, page 1760, it is said:

"A check is a draft or order upon a bank or bankinghouse, purporting to be drawn upon a deposit of funds for the payment at all events of a certain sum of money, to a certain person therein named, or to him or his order, or to bearer, and payable instantly on demand."

This definition has been approvingly referred to in many cases, including *Ridgely Nat. Bank v. Patton & Hamilton,* 109 Ill. 479. See list of cases in 7 Cyc. 529.

The check under consideration was presented for payment the day after it was drawn but payment was refused, as defendant had stopped its payment from motives apparently malicious but which are not material here. Under the rule above quoted the check should have been paid when presented, and the breach occurred when plaintiff presented the check and it was refused.

It is established by many decisions that when suit is brought upon a check or other obligation payable in a foreign or depreciated currency, the measure of damages is the value of such foreign or depreciated currency at the time such check or other obligation should have been paid, with interest to the time of judgment. Among the many cases so holding are the earlier cases

in this State of *Smith v. Dunlap,* 12 Ill. 184; *McCumber v. Gilman,* 13 Ill. 543; and *County of Madison v. Bartlett,* 1 Ill. 67, which have never been overruled. Other decisions are *Grunwald v. Freese,* 34 Pac. 73 (Cal.); *Butler v. Merchant* (Tex. Civ. App.), 27 S. W. 193; *Stewart v. Salaman,* 94 U. S. 434; and *Matthews v. Rucker,* 41 Tex. 636. See also, long list of cases to the same effect in 30 Cyc., p. 1217 and 8 Cyc., p. 328. We are not persuaded by the argument of counsel for defendant to depart from the rule announced in these cases.

It is said that the trial court was in error in admitting parol testimony to explain the check. There are two answers: (1) The judgment would be proper without any parol testimony as to the transaction; (2) the check does not purport to express the entire contract or agreement between the parties, hence parol evidence was admissible to show the character of the transaction and intention of the parties, and such evidence was not inconsistent with the check. The rule is so stated in Daniel on Negotiable Instruments, vol. 1, p. 127; 17 Cyc. 718; and in *Saffer v. Lambert,* 111 Ill. App. 410; and *Ebert v. Arends,* 190 Ill. 221.

There appearing no convincing reason for disturbing the judgment, it is affirmed.

*Affirmed.*