Victor Nemeroff *et al.*, Plaintiffs-Appellants, *v.* National Boulevard Bank of Chicago, Defendant-Appellee.

(No. 54355;

First District—November 17, 1970.

Edward Rothbart, Joseph Stein, and Thomas E. Moran, all of Chicago, for appellants.

Michael I. Miller and Gene L. Armstrong, both of Chicago, (Isham, Lincoln & Beale, of counsel,) for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County dismissing plaintiffs' complaint for declaratory judgment pursuant to defendant's motion and entering judgment thereon.

Victor Nemeroff and M. H. Jacobs filed an action for declaratory judgment in the Circuit Court of Cook County seeking to have certain notes executed by them and delivered to defendant National Boulevard Bank declared paid and for other relief. Defendant filed a motion to dismiss under section 48(1)(i) of the Civil Practice Act [Ill. Rev. Stat., ch. 110, par. 48(1)(i)]. In support of the motion defendant asserted that the oral agreement alleged in Count I of the complaint was inadmissible as varying the terms of the notes executed by plaintiffs. Defendant also asserted

that the claims asserted in Counts II and III of the complaint were barred by the terms of written agreements between plaintiffs and defendant.

The sole issue presented is whether the trial court erred in dismissing the complaint.

Count I of the complaint alleged the following facts. On March 13, 1967, each of the plaintiffs became participants in a loan made by defendant to Tel-A-Sign, Inc. The principal amount of the loan was $740,000.00 and each of the plaintiffs' participation was to the extent of $50,000.00. Loan participation certificates were executed by the defendant and copies thereof were attached to the complaint.

Subsequent to March 13, 1967, Tel-A-Sign, Inc. required additional funds in consequence of which defendant induced plaintiffs to make loans from it and permit the funds loaned to be credited to the account of Tel-A-Sign, Inc. Defendant orally agreed to apply the first monies received in payment of the secured loan to the indebtedness of defendant. Pursuant to this agreement the following amounts were credited to the account of Tel-A-Sign, Inc. and charged to the plaintiffs' liability record by defendant.

Credited to the account of Tel-A-Sign, Inc.
>March 29, 1967—$21,665.85
>March 30, 1967—$19,338.23
>March 31, 1967—$19,844.70

Charged to plaintiffs' liability record
>March 31, 1967—$19,388.23
>March 31, 1967—$21,655.85
>April 3, 1967—$19,844.70

Count I then alleges a telephone conversation between plaintiff Nemeroff and an unnamed officer of defendant on April 3, 1967, the tenor of which was that defendant requested plaintiffs to execute notes to defendant for the funds advanced to Tel-A-Sign, Inc. During the course of the conversation the officer stated to Nemeroff that collections made by defendant would be applied on a last in first out basis, to the end that the indebtedness represented by the notes plaintiffs were requested to execute would be paid before any monies would be applied on the secured loan. Subsequently plaintiffs executed three demand notes bearing the following dates and amounts:
>March 31, 1967—$19,844.70
>March 30, 1967—$19,388.23
>March 29, 1967—$21,665.85

Paragraph twelve of Count I of the complaint contains the allegation that subsequent to April 3, 1967, Tel-A-Sign, Inc. required additional funds and plaintiffs, relying on the oral agreement that collections from

Tel-A-Sign, Inc. would be applied on a last in first out basis, executed three addittional demand notes to defendant bearing dates and in amounts as follows:

April 3, 1967—$10,520.27
April 5, 1967—$15,605.59
May 10, 1967—$18,300.00

On July 27, 1967 a petition was filed in the United States District Court for the Northern District of Illinois, Eastern Division, seeking to have Tel-A-Sign, Inc. adjudicated a bankrupt. The principal on the six notes executed by plaintiffs to defendant is $105,324.64. Defendant collected $351,206.84 on the secured loan but has not applied any portion thereof to the indebtedness represented by the demand notes. On October 16, 1967 defendant notified plaintiffs that it was applying their share of the collections made on the secured loan to Tel-A-Sign, Inc. to their indebtedness as represented by the notes, and demanded payment of the balance in the amount of $68,853.76.

Count I concluded with a prayer that the indebtedness represented by the notes be declared paid by reason of the terms of the oral agreement.

Count II of the complaint realleged plaintiffs' participation in the $740,000.00 secured loan and further alleged each of their portions of such collections to be $23,730.15, none of which was paid to either plaintiff by defendant. Count II prayer for judgment in favor of each of the plaintiffs and against defendant in the amount of $23,730.15.

Count III realleges participation in the $740,000.00 loan. It further alleges defendant's private sale of the security held for that loan without advice to or consent of plaintiffs and without proper regard for plaintiffs' interest therein. Count III concludes with a prayer for judgment in favor of each of the plaintiffs in the amount of $26,269.85, the difference between their participation in the secured loan and their share of collections made.

Plaintiffs contend that the trial court's dismissal of Count I of the complaint was error since the parol evidence rule is not a bar to their establishing the oral agreement. They contend that the oral agreement does not contradict the terms of the notes, but rather was a contemporaneous oral agreement with respect to the method of payment which was not superseded by the execution of the notes. They contend that since the notes were never intended to embody all of the terms of the transaction pursuant to which they were executed, parol evidence is admissible to establish those terms. Plaintiffs argue that the oral agreement is not barred by the parol evidence rule since it does not contradict the

terms of the notes, but rather serves as a basis for their claim of payment, liability on the notes being admitted.

The cases relied on by plaintiffs do not support their position. In *First National Bank of Granite City v. Draper*, 266 Ill.App. 579 (1932) the defendant in a suit on a note was allowed to show by parol evidence that the note was never intended by the parties to be a binding contract. In the instant case, however, plaintiffs not only fail to deny the intent to be bound, they have admitted liability on the notes. Likewise *Saffer v. Lambert*, 111 Ill.App. 410 (1903), is of no aid to plaintiffs. There parol evidence was admitted for the purpose of establishing the propriety of applying funds to a note rather than to payment of rent due. The funds applied to the note were those of the maker and not of some third party as is the case here. Here the oral agreement is offered to show that the payee was obligated to satisfy the indebtedness represented by the notes with the funds of another. This is clearly contrary to the terms of the notes. Finally, *Spindler v. Krieger*, 16 Ill.App.2d 131, 147 N.E.2d 457 (1958), is inapposite, the court there finding that parol evidence was properly receivable since no written contract existed and that even if there were a written contract parol evidence would be admissible to show fraud and breach of a fiduciary duty. Plaintiffs have made no allegation of fraud or misrepresentation here.

■■ In the instant case plaintiffs' resort to an alleged oral agreement is for the purpose of establishing a stranger to the notes as primary obligor on the indebtedness they represent. That is contrary to the terms of the notes and the trial court was therefore correct in dismissing Count I.

The vitality of Count II is dependent upon that of Count I since unless the notes can be deemed to have been paid, the allegations of Count II serve only to establish a mutual indebtedness in the face of which defendant may exercise the remedy of set off. We hold that the trial court was also correct in dismissing Count II.

Count III alleges damage by reason of defendant's private sale of the security held on the $740,000.00 loan in which each of the plaintiffs participated to the extent of $50,000.00, without notice to or the consent of the plaintiffs and without the exercise of proper care to protect plaintiffs' interest in said security. The nature and extent of the duty owed plaintiffs with respect to the security must be determined from the agreements from which their interests arise. The participation agreements through which plaintiffs became participants in the secured loan and acquired an interest in the security provides in pertinent part:

"Buyer agrees by the acceptance of this Participation Certificate that the sole duty of the undersigned with respect to the transaction herein

and with respect to the loans and the notes, except as herein provided, is to act as agent for the collection of principal and interest and the realization on collateral in case of default, for the benefit of itself and Buyer, as their respective interests may appear. *It is further understood that the undersigned may use its discretion with respect to exercising or refraining from exercising any rights which may be vested in it by said notes or pursuant to the terms of said loans of the agreements relating to collateral,* and the undersigned may take or refrain from taking, in the exercise of its discretion, any action or actions for the enforcement of said rights. The undersigned agrees to exercise the same care to protect Buyer's interests with respect to said loans, notes and collateral as it does to protect its own interests with respect thereto. *However, the undersigned assumes no obligation and shall be subject to no liability for the performance or non-performance of any act or acts which, in the exercise of its judgment and discretion, it may deem necessary or desirable in respect to said loans, notes and collateral and the collection of any amounts due thereunder."* [Emphasis supplied.]

■■ It is clear from the language of the agreement that plaintiffs were not entitled to be notified nor was their consent required prior to defendant's taking action with respect to the collateral. Defendant agreed only to exercise the same care to protect plaintiffs' interests in the collateral as it did with respect to its own, and was expressly exempted from liability for acts performed with respect to the collateral. We conclude that the claim alleged in Count III is based upon concepts of liability specifically excluded by the terms of the agreement. There was no error in the trial court's dismissal of Count III.

The judgment of the trial court is affirmed.

Judgment affirmed.

McCORMICK, P. J., and BURKE, J., concur.