## WATERS VS CARLETON.

*As to orders for the payment of money, not authoris-
ing an action.*

1. A mere request or authority in writing to an attorney, to pay
   money out of a particular fund, when collected, can not be
   made the foundation of an action against the drawer.
2. Such an instrument is not embraced within the statute of
   1807,* authorising suit by an assignee.

Charles Carleton, assignee of James K. T. Walk-
er, declared in Montgomery Circuit Court, in tres-
pass on the case, against Philemon Waters, upon a
written instrument, in the following words, to wit—

" Messrs Golthwaite & Campbell,

   " Pay to James K. T. Walker, two hundred
and thirty-eight dollars and forty-eight cents, out of
any money you may collect in the case in which
Hiram Cheeseborough is plaintiff, and James Pritch-
ard is defendant—and this shall be your receipt for
the same.                                P. Waters."

. " January 17, 1833."

The declaration averred an acceptance of this
writing by the drawers—a failure of the acceptors
to pay, and the insolvency of the said Pritchard,
from whom the said fund was to be derived. And
upon a demurrer to the declaration, judgment was
given for the plaintiff.

*Aikin's Digest 328.

The defendant, upon writ of error, complained in this Court of the said judgment upon demurrer.

*Golthwaite & Campbell*, for plaintiff in error. *Dargan*, contra.

HITCHCOCK, C. J.—This was an action of assumpsit, founded upon an instrument in writing, of which the following is a copy—

"Messrs. Goldthwaite and Campbell:

"Pay to J. K. T. Walker, two hundred and thirty-eight dollars and forty-eight cents, out of any monies you may collect in the case, in which Hiram Cheeseborough is plaintiff and James Pritchard is defendant, and this shall be your receipt for the same.

"(Signed)          P. WATERS.

"January 17, 1833."

The declaration avers the acceptance of the order, by Goldthwaite and Campbell, according to its terms; its transfer by delivery to the plaintiff; the return of *nulla bona*, against Pritchard, and notice to the defendant: to which there was a general demurrer, which was overruled, and judgment final for the plaintiff, the defendant having failed to plead over.

The question is, whether this is such an instrument, as is the foundation of an action. It is evident that it is not a bill of exchange, which is an order for the payment of money absolutely. By the terms of this instrument, the payment is to depend upon a contingency, which may never happen. The sufficiency of the fund in this case, having failed, the order has become invalid.[*]

[*] *Chitty on Bills, 42.*

WATERS *vs* CARLETON.

In a case,*the Court held, that the bill being drawn *1Bibb503
on a particular fund, it would not make the drawer
personally liable, and therefore, it is not a bill of ex-
change within the custom of merchants; for it is es-
sential to such a bill, that it depends upon the per-
sonal responsibility of the parties whose names are
on it.

Neither is it such an instrument as comes within
the statute,† relating to the assignment of bonds, †Aik.D328
bills, &c., which authorised suits, as in cases of in-
land bills of exchange.

It is, at most, but an appointment, or authority, to
the person, to whom it is addressed, to pay so much
money out of a particular fund, which, if they refuse
to do, no recourse can be had on the instrument it-
self, against the drawer; but recourse must be had
to the original debt, if any such existed, which in-
duced the making of the appointment.‡        ‡1Bibb 490

Let the judgment be reversed.