## WEST vs. FOREMAN.

1. A written order in the following language, viz: "Messrs. C. & M., attys—Please pay D. W. two hundred and ninety three dollars and seventy-five cents, and all interest on the same, the demand I have against the estate of D. Y., deceased. Sept. 11, 1843," is neither a bill of exchange, nor such a written instrument for the payment of money, as, under the statute of this State, may be assigned, so as to entitle the assignee to sue on it in his own name.

ERROR to the Circuit Court of Perry.

Tried before the Hon. GEORGE GOLDTHWAITE.

ASSUMPSIT, by Foreman, as endorsee of Daniel West, against the plaintiff in error, on a written order, in the following

words: "Messrs. Crook & Moore, attys. Please pay Daniel West two hundred and ninety-three dollars and seventy-five cents, and all interest on the same, the demand I have against the estate of David Yarbrough, deceased. Sept. 11. 1843. Willis L. West."

The defendant demurred to the declaration, but his demurrer was overruled. He also asked the court to charge the jury, "that said instrument in writing did not show a good cause of action in plaintiff," which was refused. The overruling of the demurrer, and the refusal to charge as requested, are now assigned for error.

I. W. GARROTT, for plaintiff in error:

The court erred in overruling demurrers of plaintiff in error, and in refusing to charge the jury, as shown in the bill of exceptions. The demurrer and refusal to charge present the same question, to-wit: "Did the plaintiff below have a right of action in his own name on the instrument in writing set out in the record?" If he did, the ruling of the court was right; if he did not, its ruling was wrong, and the judgment must be reversed.

The instrument sued on is not a bill of exchange, but a mere authority to Daniel West, by which he was empowered and requested to receive a certain sum of money from Crook & Moore, attorneys. It is addressed to Crook & Moore, attorneys, ("attys."), not as individuals. It authorizes Daniel West, and no other person, to receive the money. It is not payable "to the order" of said West, or to said "West or bearer." The particular fund which Messrs Crook & Moore, attorneys, were requested to pay over to said West, is specified, to-wit: "the demand I have against the estate of David Yarbrough, deceased," and it is not given for value received. If a doubt could be possibly generated as to the meaning of this instrument, such doubt would be utterly annihilated by the statement of plaintiff below, in the first three counts of his declaration, where it is expressly averred that the amount was a "particular fund." The instrument sued on not being negotiable, the endorsee cannot maintain a suit on it in his own name. Waters v. Carleton, 4 P. 205; Chitty on Bills, 42 to 46, notes, 157–8; Story on Bills, § 46;

Atkinson v. Manks, 1 Cowen, 691, 706; Cook v. Satterlee, 6 Cowen, 108–9; 1 U. S. Dig. 420 §§ 18, 19, 24; 1 Sup. U. S. Dig. 288, §§ 9, 10, 11; ib. 289, §§ 18, 22, 23, 27, 28; Nichols, Adm'r. v. Davis, Agent, 1 Bibb, 490; Mershom v. Withers, ib. 503; 9 Ann. U. S. Digest. 77, §§ 7, 8; Strader v. Bachelor, 8 B. Monroe, 168; Dawkes & Wife v. De Loraine, 3 Wilson, 207; Jenny v. Herle, 2 Raymond, 1361; Luff v. Pope, 5 Hill, 413, 417–8.

JOHN, and A. B. MOORE, *contra*:

This action, being founded on an order in writing, directing the payment of money in the hands of another person, authorized the payee, Daniel West, to institute a suit against the drawer after non-acceptance. Clay's Dig. 381, § 3.

The instrument upon which this suit is predicated, is made negotiable by statute, (Clay's Dig. 381, § 6); and the same being assigned to plaintiff, he had the right to bring suit in his own name against the defendant below. Clay's Digest, 381, § 6.

In this case, the order was payable absolutely, and without contingency; and the words added are inserted merely for the purpose of designating to the drawee how he may reimburse himself, and will not vitiate the order. 8. B. Monroe, 170; 3 Marsh. 185; 2 Greenl. 123; Chitty on Bills, 158, 159, and notes; Story on Bills, § 47.

Bills should be liberally construed, so as to make them effectual, if practicable. 3 Hill 132.

CHILTON, J.—Assumpsit on a writing as follows: "The State of Alabama, St. Clair County. Messrs. Crook & Moore, attys. Please pay Daniel West two hundred and ninety-three dollars and seventy-five cents, and all interest on the same, the demand I have against the estate of David Yarbrough, deceased. 11th Sept. '43. Willis L. West."

The plaintiff, in his declaration, declares upon this as a bill of exchange in two counts; sets it out in *hæc verba* in the third, and in the fourth calls it an order, by which said West directs Messrs. Crook & Moore, attys., to pay, &c. The declaration also avers, that the plaintiff below was the endorsee of Daniel West, the party to whom the instrument was given.

The defendant demurred to the declaration, but his demurrer was overruled. He then asked a charge from the court, denying the right of the plaintiff to recover, but this was refused. He now insists, that the instrument is neither a bill of exchange, nor such a writing for the payment of money, as, under the statute of this State, is the subject of assignment, so as to entitle the assignee to sue in his own name.

It is clear, from the authorities cited by the counsel for the plaintiff in error, that this is not a bill of exchange. To say the most of it, it is a direction given to the attorneys to pay to Daniel West the sum of two hundred and ninety-three$\frac{75}{100}$ dollars, out of the fund collected, or to be collected, upon the demand which Willis West had against the estate of D. Yarbrough; and, considered in this aspect, it would not be a bill of exchange. It is drawn upon a particular fund, and not upon the general credit of the drawer. The claim against the estate of Yarbrough is clearly not mentioned as a fund out of which the drawees are to reimburse themselves, but as the fund drawn for. The just and fair construction of the instrument is, that the drawer had a demand in the hands of Crook & Moore, as attorneys, against the estate of Yarbrough; that he gave this order to the attorneys to pay it over to Daniel West. They are directed to pay him $293$\frac{75}{100}$, with all interest, the demand which he then had against the estate of said Yarbrough: that is, the attorneys are requested to pay over this demand to the payee, amounting to $293$\frac{75}{100}$, with the interest. The term "demand," as used in the instrument after the ellipsis, is put in apposition with the $293 $\frac{75}{100}$ in money, and means that the money ordered to be paid over is the amount or proceeds of the demand against Yarbrough's estate.

Being, therefore, a direction given to the attorneys to pay over the proceeds of a demand in their hands to the payee, the instrument does not fall within the statute authorizing notes, bills, bonds, and other instruments for the payment of money, to be assigned. The decision of our predecessors, in the case of Waters v. Carleton, 4 Por. 205, is an authority in point, to show that the plantiff had no title by his endorsement, and that this was not such an instrument as authorizes a recovery upon it. See, to the same point, the authorities

cited by the counsel for the plaintiff in error, and, also, Crawford v. Cully, Wright, 453; Van Vacter v. Flack, 1 Smedes & Mar. 393; Carle v. Beers, 3 J. J. Mar. 170; Chitty on Bills, 11 Amer. from 9th Lond. ed. 137, and notes.

As this view is decisive of the case, it is unnecessary to notice the other points. The judgment must be reversed, and the cause remanded.