THE RIDGELY NATIONAL BANK

*v.*

PATTON & HAMILTON.

*Filed at Springfield March 26, 1884.*

1. BANKING—*right of application of depositor's funds by the bank.* A banker has no right to apply money on deposit in his bank to the payment of a note of the depositor payable at the bank, without the order of the depositor.

2. BANK CHECK—*what so regarded.* An instrument drawn by a depositor on a bank, in the following form, after giving the date and the name of the bank: "Pay to A and B, for account of C. & Co., ten hundred and eighteen 23-100 dollars," and signed by the depositor, is a valid bank check, and will operate to transfer to the payees an amount of the drawers' funds on deposit, equal to the sum named on its face. The words, "for account of C. & Co.," do not change its character as a check. A bill or note, without at all affecting its character as such, may state the transaction out of which it arose, or the consideration for which it was given.

3. PARTIES—*who may sue on bank check made payable to attorneys.* A bank check, payable to attorneys on account of a debt due from the draw-

ers to the clients of the attorneys, vests the legal title in the payees named, as trustees for the clients, and a suit thereon against the bank is properly brought in the names of the payees.

4. ACTIONS—*pursuing several remedies at the same time.* A debtor gave his check on a bank for the amount of his indebtedness, payable to the attorneys of the creditor, which the bank refused to pay, alleging an agreement of the debtor to apply his deposits on other indebtedness. It was *held,* that the bringing of an action by the creditor against his debtor did not estop him from bringing an action on the check in the name of his attorneys, the payees, against the bank. Although the law will not allow a party to have more than one satisfaction for his debt, yet in many cases it permits him to carry on several remedies at the same time.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding.

Messrs. PALMERS, ROBINSON & SHUTT, for the appellant:

A check is a brief draft or order upon a bank or banking house, directing it to pay a certain sum of money. 2 Parsons on Notes and Bills, 57; 2 Daniell on Negotiable Instruments, 583.

The use of the words, "for account of Lewis Coleman & Co.," indicates that the plaintiffs have no interest in the paper. They make the payees mere collecting agents for the drawers and their appointees, for whose account the money is ordered to be paid. These words deprived the paper of the negotiable qualities of a check. *Munn* v. *Burch,* 25 Ill. 40; *Bickford* v. *First National Bank,* 42 id. 238; *Brown* v. *Leckie,* 43 id. 497.

By electing to pursue the remedy by attachment against the debtor, the creditor is estopped from suing the bank on the check. They are bound by their election. Bigelow on Estoppel, 503; *Littlefield* v. *Brown,* 1 Wend. 398; S. C. 17 id. 168; *Morris* v. *Rexford,* 18 N. Y. 552; *Rodermund* v. *Clark,* 46 id. 354; *Jewitt* v. *Petel,* 4 Mich. 508; *Bank of Beloit* v. *Beale,* 34 N. Y. 473.

Messrs. PATTON & HAMILTON, *pro sese:*

The check is negotiable. The words, "for account of Lewis Coleman & Co.," were inserted by the drawers for their own convenience, as a memorandum, to show the purpose for which it was given. The extent of appellees' interest in it is of no possible consequence to appellant, and can not serve it as a defence. *Caldwell* v. *Lawrence*, 84 Ill. 161.

The money being on deposit, it was the duty of the bank to pay it on demand. The legal title was in appellees, because the check was payable to them. It indicated with certainty who was to receive the money, and that is all that was necessary. Daniell on Negotiable Instruments, sec. 99; *Adams* v. *King*, 16 Ill. 169.

Negotiability is not of the essence of checks, but at most, of optional quality. Story on Notes, sec. 488.

A check operates to transfer the fund to the holder, and after demand and refusal, the holder may sue the bank in his own name, and recover. *Brown* v. *Leckie et al.* 43 Ill. 497.

A banker has no right to apply money on deposit to the payment of a note of the depositor payable at the bank, without the order or check of the depositor. *Wood & Co.* v. *Merchants' Savings, Loan and Trust Co.* 41 Ill. 207.

Although the law will not permit a party to have more than one satisfaction for his debt, yet in many cases it permits him to carry on several remedies at the same time. *Delahay* v. *Clement*, 3 Scam. 201; *Branigan* v. *Rose*, 3 Gilm. 123; *Palmer et al.* v. *Harris*, 100 Ill. 276; *West et al.* v. *Fleming*, 18 id. 248.

To constitute an estoppel there must be acts or admissions by the party inconsistent with the title or claim he proposes to set up, and there must be action by the other party upon such acts or admissions, and an injury to him by reason thereof. *Smith* v. *Newton*, 38 Ill. 230; *Ball* v. *Hooten*, 85 id. 159.

Again, before the appellant can invoke the doctrine of estoppel, it must show its officers acted in good faith towards appellees. Had they told appellees that Kimber, Ragsdale & Co. had funds on deposit sufficient to pay the check, the attachment would not have been instituted; but they denied having such funds. This was not good faith, and appellant can not take advantage of it. *First National Bank of Quincy* v. *Ricker*, 41 Ill. 439; *Hefner* v. *Vandolah*, 57 id. 520.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by Patton & Hamilton, against the Ridgely National Bank, to recover the amount of the following check:

"*The Ridgely National Bank, Springfield, Illinois:*

"Pay to Patton & Hamilton, for account of Lewis Coleman & Co., or order, ten hundred eighteen $\frac{23}{100}$ dollars.

$1018$\frac{23}{100}$                     KIMBER, RAGSDALE & Co."

Upon trial in the circuit court, without a jury, judgment was rendered for the plaintiffs for the full amount of the check, which, on appeal to the Appellate Court for the Third District, was affirmed, and the defendant appealed to this court.

The facts appearing are, that Patton & Hamilton were attorneys at law, and had in their hands for collection a claim in favor of Lewis Coleman & Co., against Kimber, Ragsdale & Co., merchants, of Springfield, Illinois; that on the 11th of January, 1883, after banking hours, the latter deposited with the bank $1061.61, and afterward, on the same day, gave to Patton & Hamilton the check for $1018.23, to pay said claim, and in the forenoon of January 12, 1883, the latter presented the check at the bank, and payment was refused. The bank, after the check was presented, in the same forenoon, applied the whole balance of Kimber, Rags-

dale & Co.'s deposit to the payment of a note made by them to N. H. Ridgely & Co., which was in the possession of the bank. Immediately after the presentation and non-payment of the check, the plaintiffs gave notice of its non-payment to the drawers, and at once commenced suit by attachment against them, (Kimber, Ragsdale & Co.,) in the name of Lewis Coleman & Co., in the county court of Sangamon county, on the original demand against Kimber, Ragsdale & Co. The writ of attachment was levied upon property of the latter sufficient in amount to pay the claim of Lewis Coleman & Co. The levy was afterward released by the giving of a bond by Kimber, Ragsdale & Co., under section 15, chapter 11, of the Revised Statutes of 1874, for the payment of whatever judgment should be rendered against them in the suit. The bond was given on January 24, 1883, and on February 24, 1883, the present action was commenced. At the time of the trial of the present action in the court below, the attachment suit of Lewis Coleman & Co. was still pending in the county court.

There is a claim of right on the part of the bank to apply the deposit of Kimber, Ragsdale & Co. to the payment of the note of N. H. Ridgely & Co. against them, on the ground that the note was given for money advanced by the bank, and really belonged to the bank, although payable to N. H. Ridgely & Co. We regard that as a controverted question of fact whether the bank or N. H. Ridgely & Co. were the owners of the note, which we must take to have been found by the Appellate Court against the bank, and which we are precluded by the statute from considering, the decision of that court upon controverted questions of fact being conclusive. The same must be said, too, in reference to the claim of there having been a previous agreement or understanding between the bank and Kimber, Ragsdale & Co. that the deposits of the latter should be applied to the payment of the notes of N. H. Ridgely & Co. Clearly, a banker has no right

to apply money on deposit to the payment of a note of the depositor payable at the bank, without the order of the depositor. *Wood & Co.* v. *Merchants' Savings, Loan and Trust Co.* 41 Ill. 267.

The only legal questions which we find to be presented for our determination, are in respect of the character of the paper writing sued on, and the legal effect of the bringing of the attachment suit by Lewis Coleman & Co.

It is denied by the defendant that the instrument sued on is a check. Whether we take the definition of a check as given by Parsons, "A check is a brief draft or order upon a bank or banking house, directing it to pay a certain sum of money," (2 Parsons on Notes and Bills, 57,) or by Daniell, "A check is a draft or order upon a bank or banking house, purporting to be drawn upon a deposit of funds, for the payment, at all events, of a certain sum of money to a person, or his order, or to bearer, and payable instantly on demand," (2 Daniell on Neg. Inst. 583,) we fail to see wherein the paper in question falls short of being a check. Defendant asserts it is not such because of its containing the words, "for account of Lewis Coleman & Co.," and that plaintiffs have no interest in it except as "collecting agents" for Lewis Coleman & Co. We do not perceive that the presence of the words above named in the check detracts from its quality as such. They introduce nothing of contingency or uncertainty with respect to the payment, the sum payable, or person to whom it is to be paid. It still remains an order, in all its absoluteness, for the payment of a certain sum of money to the payees named, and is payable instantly on demand. The words, "for account of Lewis Coleman & Co.," would seem to have been inserted for the convenience of the drawers, to show the purpose for which the check was given, or to show the equitable interest of Lewis Coleman & Co. A bill or note, without affecting its character as such, may state the transaction out of which it arose, or the consideration for which it was given. (1 Par-

sons on Notes and Bills, 44.)    The words in question seem
to do no more.    The legal interest was in the plaintiffs, and
the extent of their interest was of no consequence to defend-
ant, and can form no defence to the suit.    It is said plaintiffs
are not holders for value.    They stand, in this respect, upon
the same footing with Lewis Coleman & Co.    The same con-
sideration of value there would have been for the check, had
it been given to them, belongs to it in the hands of the
plaintiffs, to whom it was given for the benefit of Lewis Cole-
man & Co.

The instrument, then, being a check, it operated, under
the rule established by this court, to transfer to the payees
an amount equal to the sum expressed upon its face, of the
deposit of Kimber, Ragsdale & Co. with the defendant, and
after demand and refusal the payees might sue the bank in
their own name, and recover.    *Bickford* v. *First National
Bank of Chicago,* 42 Ill. 238; *Brown* v. *Leckie,* 43 id. 497.

But it is contended by defendant, that even if the instru-
ment in question be taken to be a check in the legal sense,
the bringing by Lewis Coleman & Co. of the attachment suit
on their original demand, against Kimber, Ragsdale & Co.,
had the legal effect to preclude the right to maintain the
present suit.    It is insisted that plaintiffs were the mere
agents of Lewis Coleman & Co. to collect their original de-
mand against Kimber, Ragsdale & Co.; that they had no
right to accept anything from Kimber, Ragsdale & Co. in
payment of the demand against them, but money; that they
took the check as a conditional payment of the demand of
Lewis Coleman & Co., only, the condition being the check
should be paid on presentation; that upon non-payment of
the check, Lewis Coleman & Co. had the right to repudiate
payment by the check, and resort to the original demand,
which was done by beginning the attachment suit, and
thereby they availed themselves of the breach of the condi-
tion upon which the check was accepted as payment; that

plaintiffs' positions are entirely inconsistent, and that in the case of inconsistent rights and remedies there may be resort to the one or the other, at the party's election, and the election of one precludes resort afterwards to the other. There is much of seeming force in defendant's position, but still we are not prepared to say that it should be sustained. Under the rule which obtains in this State the check must be regarded as an assignment, to its amount, of the deposit of Kimber, Ragsdale & Co. in the hands of the bank. Treating the check, although dishonored, as an assignment, would seem to reconcile all the inconsistency of position which there is supposed to be in the case. As an assignment, plaintiffs must have the right to make it available to them as such, so far as may be. The subject of the assignment being in question, the drawers asserting and the drawees denying there were funds on deposit, it made necessary the result of a suit against the bank, to determine whether there was anything transferred by the assignment, or not. In the meantime, it would seem proper to allow the remedy to be pursued against the drawers on the original demand against them, as that otherwise might be lost in case the assignment should turn out to be ineffective. Although the law will not permit a party to have more than one satisfaction for his debt, yet in many cases it permits him to carry on several remedies at the same time.

The defendant has not been prejudiced in its rights by the commencement of the attachment suit. It has not been led to occupy a position which it would not have taken but for the commencement of such suit. We perceive no element of estoppel, as is claimed, in the bringing of that suit.

It is said that the effect here is to make the check a security for the payment of the original demand, which would be in subversion of the intention of the parties; that the check was designed merely as a means of obtaining an immediate payment of the money to satisfy the original demand, and

that it was not in the thought of the parties to give a security for the payment of the demand, and that the check failing to accomplish the only purpose for which it was drawn, was of no further effect. Although the expectation might have been that by the check the money would be obtained with which to pay the original demand of Lewis Coleman & Co., and there might not have been the specific intention to give security for the payment of such demand, yet the check which was given should be allowed all its legal effect, and such must be taken to have been the intention of the parties. The circumstance of the check being made payable to plaintiffs, who were attorneys at law, and but mere agents for the collection of the demand against Kimber, Ragsdale & Co., which is dwelt upon as in favor of the defence, should not, in our view, make the case to differ, in a legal aspect, from what it would have been had the check been made payable to Lewis Coleman & Co. themselves. The plaintiffs are trustees of the latter.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*