[Heflin Gold Mining Co. v. Hilton.]

# Heflin Gold Mining Co. v. Hilton.

## Action on Promissory Note.

1. *Promissory note; essentials of.*—It is one of the essentials of a promissory note that it is based upon the personal credit and liability of the maker. The promise to pay must be absolute and without restriction to particular funds.

2. *Corporation; contract of binds the interest of every stockholder.* Any contract binding upon a corporation necessarily affects and is binding upon the interests of every stockholder. Hence where a corporation executes a paper writing containing two clauses, the first of which is in form a promissory note, but the second of which provides that this note is in no way chargeable against the stock of certain named stockholders, it cannot be enforced in a suit against the corporation upon the instrument as a promissory note, since any judgment for its breach must be against the promissor in its corporate capacity, and execution thereon would be leviable of the corporate property and not of the interests or property of the stockholders severally.

APPEAL from Cleburne County Court.

Tried before Hon. T. J. BURTON.

John F. Hilton sued by attachment to recover on a promissory note executed to him by the Heflin Gold Mining Company, a corporation. The instrument described in the complaint as a promissory note dated and due at certain dates, payable to plaintiff and executed by the defendant company, is in words and figures following: "On or before the 15 day of October, 1896, the Heflin Gold Mining Company promises to pay to the order of John F. Hilton fifteen hundred dollars with interest from date at 6 per cent. per annum for value received. But this note is in no way chargeable against the $238,889.00 stock interest in said company owned and held by W. G. Milligan, W. A. Neal, and D. W. Vaughan or their respective wives, and the $35,000.00 stock interest in said company owned and held by said Vaughan, Neal, Milligan and Jno. F. Hilton, and is only

an obligation of said company affecting the stock interest of the other holders of stock in said company." The defendant company objected to the introduction of this instrument, among other reasons, because it was not the instrument described in the complaint, and because it was not a promissory note. The objections were overruled and the instrument allowed to go to the jury. Judgment went for plaintiff, from which this appeal was taken. Reversed and rendered.

MERRILL & BRIDGES and CALDWELL & JOHNSTON, for appellant.—To constitute a promissory note the general personal credit of the maker must be available for its payment. If payable from a particular fund it is not a promissory note.—*Vanvacter v. Flack*, 40 Am. Dec. 100; *Worden v. Dodge*, 40 Am. Dec. 247; *Richardson v. Carpenter*, 41 N. J. 660; *Wilder v. Sprague*, 50 Me. 354; *Munger v. Shannon*, 61 N. J. 251; *West v. Foreman*, 21 Ala. 400; *Glidden v. McKinstry*, 28 Ala. 408; *Blackman v. Lehman*, 63 Ala. 547.

D. D. McLEOD, *contra*, contended that the instrument sued on contained all the elements of a promissory note, citing, *Rice v. Rice*, 68 Ala. 216; Brick. Dig. 111, p. 83; *Com. Bank v. Crenshaw*, 101 Ala. 497.

SHARPE, J.—It is one of the essentials of a promissory note that it shall be based upon the personal credit and liability of the maker.—4 Am. & Eng. Ency. Law, 89; *Munger v. Shannon*, 61 N. Y. 257. The promise to pay must be absolute and without restriction to particular funds.—Chitty on Bills, 132-134; *Blackman v. Lehman, Durr & Co.*, 63 Ala. 547.

The first clause of the instrument here sued on is in itself in form the promissory note of the defendant corporation but its character as such is effectually destroyed by the succeeding clause purporting to restrict its obligation so that it should affect the stock interests of a part of its stockholders only, to the exoneration of the stock interests of its other stockholders. The "stock interests" so termed can only have reference to interests owned as shares in the capital stock of the corporation

which carry with them corresponding interests in all the property. Such interests constitute a species of intangible property, dependent for value upon the assets owned by the corporation as a unit. Any contract binding upon the corporation necessarily affects and is binding upon the interest of every stockholder. This is so because any judgment for its breach must be against the promissor in its corporate capacity, and execution thereon would be leviable of the corporate property and not of the interests or property of the stockholders severally.

A judgment obtained and enforced upon this instrument would be contrary to the express stipulation that it shall not be chargeable against the stock interests of the several stockholders named. That stipulation is entitled to as much force as the previous promise to pay. The two clauses are repugnant and there is no room to make each operative. The writing therefore imports no obligation which can be enforced in this action; and it is not assisted by the evidence introduced on the trial.

It is unnecessary to notice the interlocutory rulings of the trial court. Its judgment must be reversed and a judgment here rendered in favor of the defendant.

Reversed and rendered.