(78 South. 789)

PEOPLE'S BANK OF MOBILE v. MOORE.
(1 Div. 16.)

(Supreme Court of Alabama. May 16, 1918.)

1. BILLS AND NOTES ⬥152—NEGOTIABILITY.

Instruments drawn upon, or payable out of, a particular fund, are not negotiable bills or notes, because they do not carry the general personal credit of the obligor, and payment is contingent upon the sufficiency of the fund referred to.

2. BILLS AND NOTES ⬥152—BILLS OF EXCHANGE—NEGOTIABILITY.

In bills of exchange, neither the indication of a particular fund out of which the drawee is to reimburse himself, nor any direction as to resulting debits or adjustments as between the drawer and drawee, are regarded as affecting negotiability, providing the order to pay is itself absolute.

3. BILLS AND NOTES ⬥163 — PROMISSORY NOTES—NEGOTIABILITY.

In the case of promissory notes, the mere statement of the consideration, or of the transaction out of which the promise to pay originated, does not affect negotiability, since it does not qualify the obligation to pay.

4. BILLS AND NOTES ⬥255 — PROMISSORY NOTES—NEGOTIABILITY.

Under Negotiable Instrument Law (Acts 1909, p. 126; Code 1907, § 4960) § 3, an indorsement, on a promissory note absolute on its face and as to the maker, "The undersigned indorsers assume the contract shown by the face of this note. Payable from Pass Aux Heron U. S. Government contract"—is a qualified indorsement, and indorsers' liability is limited to the fund indicated, and conditioned upon its sufficiency to pay the notes, whether in whole or in part.

5. BILLS AND NOTES ⬥133—CONSTRUCTION.

The effect of a written contract is to be gathered from the whole writing, and any memorandum thereon, including that written on the back of a bill or note contemporaneously with its execution, and intended to constitute a part of the bill or note, is a part of such instrument.

6. BILLS AND NOTES ⬥223—EVIDENCE ⬥403 — INDORSERS — LIABILITY — PAROL EVIDENCE.

An indorsement on a promissory note cannot be contradicted by any contradictory parol agreement, and the intention of the maker and payee is immaterial as far as indorser is concerned.

7. BILLS AND NOTES ⬥452(1)—INDORSERS—LIABILITY—DEFENSES.

That a maker of a note was a foreign corporation, doing business without compliance with the laws, is no defense in an action against an indorser.

8. CORPORATIONS ⬥672(4) — FAILURE TO COMPLY WITH LAWS—PLEADING.

The burden is on the defendant to plead that the plaintiff is a foreign corporation which had not complied with the laws, and demurrer does not lie where the complaint does not show such status.

9. BILLS AND NOTES ⬥534 — INDORSERS — LIABILITY—COUNSEL FEES.

The liability of an indorser of a note for counsel fees provided for therein does not depend upon the negotiability of the note, but upon the indorser's liability to pay the note or any part thereof.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Assumpsit by the People's Bank of Mobile against Hattie B. Moore. Judgment for defendant, and plaintiff appeals. Affirmed.

The action is on three promissory notes, of like amount and tenor, which are separately declared on in counts 5, 6, and 7. Count 8 is for a reasonable attorney's fee for the collection of these notes. Count 5 is as follows:

Plaintiff claims of defendant the further sum of $2,000, due by promissory note made by

the Southern Dredging Company, a corporation, on May 21, 1914, and payable on demand, which note was indorsed · by defendant, and plaintiff avers that demand, presentment, protest, notice of protest, suit, and all other requirements necessary to hold defendant, were duly waived by her; and plaintiff further claims interest on said note; and plaintiff avers that the note sued on, with indorsements thereon, is in words and figures as follows:

"$200.00.                    Mobile, Ala., May 21, 1914.

"On demand after date, without grace, we promise to pay to the order of People's Bank of Mobile, Alabama, two thousand and no/$_{100}$ dollars. For value received. Payable at the People's Bank, in Mobile, Alabama.

"The parties to this instrument, whether maker, indorser, surety, or guarantor, each for himself, hereby severally agrees to pay this note, and waives as to this debt all right of exemption under the Constitution and laws of Alabama, or any other state, and they each severally agree to pay all costs of collecting or securing, or attempting to collect or secure, this note, including a reasonable attorney's fee, whether the same be collected or secured by suit or otherwise. And the maker, indorser, surety, or guarantor of this note severally waives demand, presentment, protest, notice of protest, suit, and all other requirements necessary to hold them.

"Southern Dredging Co.,
"Henry Goldthwaite, Vice President."

. On the back of the said note is the following:

· "The undersigned indorsers assume the contract shown by the face of this note. Payable from Pass Aux Heron U. S. Government contract, to be completed about June 1st, 1914.

"Southern Dredging Co.,
"Henry Goldthwaite, Vice President.
"R. Moore.
"H. B. Moore."

And plaintiff avers that at the time said note was given to it, and the loan · evidenced thereby made to the Southern Dredging Company, a corporation, that it was the intention of the maker of said note, and of said plaintiff, that said note should be payable absolutely on demand, and that its payment should not be conditioned so as to make said note payable only out of a particular fund; and plaintiff further avers that the memorandum on the back of said note, viz., "Payable from Pass Aux Heron U. S. Government contract, to be completed about June 1st, 1914," was placed upon said note merely as an indication of the fund out of which the maker intended to make an investment, and as a memorandum for the purpose of showing that the Southern Dredging Company intended using the money loaned to it by plaintiff and evidenced by said note in its work under the said contract.·

The demurrers were first, because, by the terms of the indorsement by defendant of the note sued on, said note was payable out of the particular funds, and it is not averred that this fund was sufficient to pay said note. Said note is nonnegotiable, and it does not appear that suit was brought upon it against the maker to the first court to which suit could have been properly brought after the making of the indorsement thereon by defendant, nor is any lawful excuse for not bringing such suit alleged. Because the Southern Dredging Company is a corporation, and it is not shown that it was created under the laws of Alabama, nor is it shown that it has complied with the requirements of sections 3651 and 3652, Code 1907, of Alabama.

The demurrers were sustained to each of the counts, and plaintiff took a nonsuit, and presents these questions for review.

Stevens, McCorvey & McLeod, of Mobile, for appellant. Gregory L. & H. T. Smith, of Mobile, for appellee.

SOMERVILLE, J. The notes sued on are dated May 21, 1914, and were presumptively executed on that date. They are payable "on demand after date." On their faces they are, as to their maker, unquestionably negotiable instruments, payable unconditionally, and without restriction as to the source from which the funds for their payment are to be drawn.

The defendant did not execute the notes as a maker, but indorsed them before delivery, and is sued as indorser. Her liability depends upon the terms of her indorsement as expressed upon the back of the paper, viz.:

"The undersigned indorsers assume the contract shown by the face of this note.

"Payable from Pass Aux Heron U. S. Government contract, to be completed about June 1st, 1914."

It is noteworthy that the *maker* of the notes signed this stipulation along with the two indorsers.

The meritorious question presented by the demurrers is whether the indorsers are absolutely liable for the payment of the notes, or whether they are liable only in case the proceeds of the government contract were sufficient for that purpose.

[1] It is well settled by the authorities that instruments drawn upon, or payable out of, a particular fund, are not negotiable bills or notes, because they do not carry the general personal credit of the obligor, and payment is contingent upon the sufficiency of the fund referred to. 8 C. J. p. 121, § 214; Waters v. Carleton, 4 Port. 205; West v. Foreman, 21 Ala. 400; Gliddon v. McKinstry, 28 Ala. 408; Blackmon v. Lehman & Co., 63 Ala. 550, 35 Am. Rep. 57; Heflin Co. v. Hilton, 124 Ala. 365, 27 South. 301; First Nat. Bk. v. Lightner, 74 Kan. 736, 88 Pac. 59, 8 L. R. A. (N. S.) 231, 118 Am. St. Rep. 353, 11 Ann. Cas. 596, 599; First Nat. Bk. v. Sullivan, 66 Wash. 375, 119 Pac. 820, Ann. Cas. 1913C, 930, and note 932; Kimpton v. Studebaker, 14 Idaho, 552, 94 Pac. 1039, 125 Am. St. Rep. 185, and note 196, 14 Ann. Cas. 1126.

[2] In the case of bills of exchange, neither the indication of a particular fund out of which the drawee is to reimburse himself, nor, indeed, any direction as to resulting debits or adjustments as between the drawer and drawee, are regarded as affecting negotiability, provided that the order to pay is itself absolute.

[3] So, also, in the case of promissory notes, the mere statement of the consideration, or of the transaction out of which the promise to pay originated, does not affect negotiability, since it does not qualify the obli-

gation to pay. The authorities cited above furnish many illustrations.

[4] The principles under discussion have been codified in the Negotiable Instruments Law as follows:

"An unqualified order or promise to pay is unconditional within the meaning of this chapter, though coupled with (1) an indication of a particular fund out of which reimbursement is to be made, or a particular account to be debited with the amount; or (2) a statement of the transaction which gives rise to the instrument. But an order or promise to pay out of a particular fund is not unconditional." Code, § 4960 (Neg. Ins. Law, Sess. Acts 1909, p. 126, § 3).

Taking them at their face value, and giving to the language used its plain and ordinary meaning, we are convinced that defendant's indorsements on the notes here exhibited were qualified indorsements, and import, as an undisputable legal conclusion, that defendant's liability is limited to the fund to be derived by the maker of the notes from the government contract specified, and conditioned upon its sufficiency to pay the notes, whether in whole or in part. It is certainly true that as to the maker, the Southern Dredging Company, the notes import an unconditional promise to pay, and as to the maker the notes are manifestly negotiable instruments.

[5] From this it is argued that defendant must also be unconditionally liable to pay, because she "assumed the contract shown by the face of the note." But—

"the effect of a written contract is to be gathered from everything which appears within its four corners, and any memorandum or agreement of the parties written upon the instrument, including memorandum on the back thereof, contemporaneously with its execution, and intended by the parties to constitute a part of the contract, is a substantive part of such bill or note, and limits or qualifies it in the same manner as if inserted in the body of the instrument." 8 C. J. p. 191, § 323.

Here defendant plainly said, "I assume the contract shown by the face of the note, but I stipulate that the money 'to be paid shall come out of the Pass Aux Heron government contract as far as it may go."

[6] In this view of the matter, it is immaterial what may have been the intention of the payee or the maker with respect to the obligations assumed; for defendant's liability rests solely upon the plain terms of her own undertaking, and cannot be enlarged either by the understanding of the other parties, or even by any contradictory parol agreement of hers.

We hold that the complaint must show that the proceeds of the specified government contract were sufficient to pay the notes sued on, in whole or in part, and that plaintiff's recovery on defendant's undertakings must be limited to the amount of those proceeds not so applied by the maker. It follows that the ground of demurrer taking this objection was properly sustained.

[7] Whether or not the maker of the notes was a foreign corporation doing business in Alabama, without preliminary compliance with its laws, is wholly immaterial to the question of defendant's liability upon her undertaking in the premises; and that ground of defense is clearly without merit, whether presented by demurrer or plea.

[8] Moreover, where a complaint does not show such a status, the burden is on defendant to plead it, and demurrer does not lie. A. W. R. R. Co. v. Talley-Bates Co., 162 Ala. 396, 404, 50 South. 341.

[9] With respect to the eighth count of the complaint, it will suffice to say that defendant's liability for the counsel fees claimed does not depend upon the negotiability of the notes, but upon her liability to pay the notes or any part thereof. An appropriate amendment of the principal counts will therefore operate as an amendment of the eighth count, so as to show liability thereunder.

Let the judgment of the trial court be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.