[L. A. No. 9133.   Department Two.—May 21, 1928.]

GLENDORA BANK (a Banking Corporation), etc., Appellant, v. E. A. DAVIS, Respondent.

Leland S. Bower and Warren D. Isenberg for Appellant.

Launer & Collins for Respondent.

SHENK, J.—The plaintiff sued the defendants on a promissory note for $1,935.48. Judgment by default was rendered against the defendant Foothill Finance Corporation, as indorser and guarantor, for the full amount of the note, and from this portion of the judgment no appeal has been taken. After trial the court also rendered judgment in favor of the plaintiff and against the defendant Davis for the sum of $192.80. From this portion of the judgment only the plaintiff appeals.

The only question here involved is whether the promissory note is non-negotiable in form. If it is, the judgment must stand. The note is dated October 19, 1923, is made payable to the defendant Foothill Finance Corporation or order "one day after date," is signed by the defendant Davis and appears to be negotiable in form except that immediately preceding the signature of the maker is the following provision: "This note is given in payment of merchandise and is to be liquidated by payments received on account of sale of such merchandise." It appeared in evidence that the defendant Davis had purchased certain automobile accessories from his co-defendant and executed said promissory note in payment for the same with the understanding that the note should be paid out of the receipts by Davis from the sale of such merchandise. This understanding was expressed on the face of the note, as above quoted. The trial court found and concluded: "That said promissory note is non-negotiable for the reason that its payment is to be made out of moneys to be realized from a sale of the personal property for which the note was given, and for the

further reason that the clause as to payments out of sales of said merchandise makes it payable on a contingency which may not occur.''

We think the conclusion of the trial court was correct. Section 3082 of the Civil Code requires, among other things, that an instrument, to be negotiable must contain an unconditional promise to pay a certain sum of money. Section 3084 provides that a promise to pay out of a particular fund is not unconditional, and section 3085 provides that ''an instrument payable on a contingency is not negotiable, and the happening of the contingency does not cure the defect.'' It is clear that the last clause of the note, above quoted, is susceptible of no other reasonable interpretation than that payment of the note or any part thereof was to be made out of receipts from the sale of the merchandise for which the note was given and that this provision is ''a promise to pay out of a particular fund'' the existence of which depended on the contingency of the sale of the merchandise which might not take place at all or might take place to some, but to an uncertain extent. These factors were fatal to the negotiability of the note under the code sections referred to. (See *Tomlin* v. *Neale*, 76 Cal. App. 726 [245 Pac. 800].) The amount of the judgment against the defendant Davis was the amount of his receipts from sales of the merchandise prior to the commencement of the action, and which the court directed to be applied as a partial payment on the note. It is insisted by counsel for appellant that if the note was not payable until Davis sold the merchandise, he was obliged to sell it within a reasonable time and that his delay was unreasonable. Assuming that this question might be considered if properly and timely presented, it is enough to say that it was not raised in the trial court and it is now too late to raise it for the first time. The reasonableness of the conduct of a litigant should be measured by the circumstances appearing in the particular case. We are unable to determine from the record whether the defendant Davis was or was not at fault in not selling more of the merchandise before the action was commenced.

The judgment is affirmed.

Langdon, J., and Richards, J., concurred.