Bettman, J.
 

 The question here is whether the petition states a cause of action. The petition alleges the existence of a contract in which the determinative covenant is a promise by the defendant to pay “out of its net income” a twenty per cent installment of the plaintiff’s claim on June 1 of each year from 1937 through 1941. The petition further alleges that the defendant company failed to pay the installment of June 1, 1939, but it does not allege the existence of any net income. Does this omission make the petition demurrable?
 

 The answer to this question depends on whether or not the words “out of its net income” make the defendant’s promise a conditional obligation, the performance of which is dependent upon the existence of net income earned by the defendant company. If so, the happening of such condition must be alleged, and the petition, lacking such allegation, would be demurrable. 9 Ohio Jurisprudence, 621, Section 369.
 

 The words “out of * * # net income” in themselves plainly import a conditional promise, because of the
 
 *313
 
 uncertainty in any business of tbe creation of net income. If it be recognized that net income may, at tbe stated time, not exist, then it is difficult to see how payment at that time could be unconditionally promised
 
 out of net income.
 
 In the analogous problem of determining whether a promissory note is unconditional and hence negotiable, it has long been held and is now expressly stated in Section 8108, General Code, that a “promise to pay out of a particular fund is not unconditional.” See, also,
 
 People’s Bank
 
 v.
 
 Moore,
 
 201 Ala., 411, 78 So., 789;
 
 Boardman
 
 v.
 
 Frick,
 
 95 W. Va., 263, 120 S. E., 883;
 
 Glendora Bank
 
 v.
 
 Davis,
 
 204 Cal., 220, 267 P., 311.
 

 Further, the circumstances surrounding the making of the promise, insofar as they are set forth in the petition, indicate the intention of the parties to create a conditional obligation, because it would be unlikely that the new corporation taldng over the same assets would unconditionally, and without reference to net income, promise to pay 100 per cent of the old claims— to do so would be to start with as heavy a load as brought the predecessor corporation into the bankruptcy court. Furthermore, had the parties intended to create an unconditional obligation, the words “out of its net income” would not have’ occurred in the contract at all, because a creditor who has an unconditional right against a debtor as of a certain day, has no concern out of what fund or funds the money comes, so long as it arrives in his hands.
 

 The Court of Appeals, in reversing the judgment of the Common Pleas Court, proceeded on the theory that the pleaded promise was an “obligation to create a net income and pay plaintiff therefrom.” It is significant, however, that counsel for the plaintiff do not entirely adopt the theory of the Court of Appeals, saying in their brief in this court that “plaintiff is not complaining of the defendant’s failure to create net income and to pay therefrom.” It is our conclu
 
 *314
 
 sion that the petition contains no words setting forth any promise “to create a net income,” nor words from which snch a promise can be implied. The words pay “out of # # net income” import only a promise to pay, conditional upon the existence of net income.
 

 Since the defendant’s promise to pay was conditional upon the existence of net income and the plaintiff’s petition does not allege the happening or waiver of that condition, the petition fails to state a cause of action and is subject to demurrer. The judgment of the Court of Appeals is accordingly reversed and the judgment of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Hart and Zimmerman, JJ., concur.
 

 Matthias, J., not participating.