BOST v. BLOCK.

No. 31689.   March 6, 1945.

*156 P. 2d 610.*

John A. Goodall, of Stilwell, for plaintiff in error.

Remington Rogers, of Tulsa, for defendant in error.

CORN, J. Irving Block, plaintiff, alleged that W. C. Bost, defendant, as maker, drew and delivered to the payee a $395 check payable to the order of George C. Adams, attorney; that payee indorsed and delivered this check to plaintiff, who cashed it at its full face value, in due course. Check was duly presented for payment and dishonored.

Bost's answer was that the check

which he had issued to one George C. Adams, attorney, was issued for a specific purpose, to wit: "To be used as bond premium expense in closing Raymond Jackson case."

Block filed a demurrer to the amended answer, which was sustained. Bost elected not to plead further and judgment was rendered against him.

The defendant contends Block was placed on notice by the memorandum placed on the check, to wit: "To be used as bond premium expense in closing Raymond Jackson case."

The check as presented to, and cashed by, plaintiff contained on its face the following language: "To be used as expense closing Raymond Jackson case."

In Oklahoma State Bank of Ada v. Hanover Fire Ins. Co., 169 Okla. 116, 36 P. 2d 43, we held:

"It is well settled that a note or bill, otherwise negotiable, is not rendered nonnegotiable by the insertion therein of a reference to the transaction out of which it arose, or the recital of the consideration for which it was given. Slaughter v. Bank of Bisbee, 17 Ariz. 484, 154 P. 1040; People's Bank v. Moore, 201 Ala. 411, 78 So. 789; Ridgley Nat. Bank v. Patton, 109 Ill. 479."

Such memorandum did not impose on plaintiff any duty of inquiry or investigation. See 8 American Jurisprudence, 140, par. 402:

"The cases generally hold that memoranda on checks describing the funds and the source from which they come, or the payment intended by the check, do not act as a notification to a bank, or other person discounting them, of any facts which it is bound to investigate."

The answer of the defendant as amended was to the effect that the check contained the language, "To be used as bond premium expense in closing Raymond Jackson case." The only alteration contended for by defendant is the elimination of the words "bond premium."

There is no allegation in defendant's answer that plaintiff took part in the alteration or had any knowledge of facts or circumstances to put him on notice.

"But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." O.S. 1941, Title 48, sec. 266.

Even if the alleged alteration was material, which we do not hold, under the above statute, and answer of the defendant, plaintiff could still recover.

It having been called to our attention that a supersedeas bond was given in this case, and requesting this court to render judgment thereon, judgment is therefore rendered upon same against the principal and sureties.

Judgment affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, and DAVISON, JJ., concur.